UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| THERESA SALAMENO, *individually and on behalf of the Estate of Lawrence Salameno*, <br><br>            Plaintiff, <br><br>  -against- <br><br>BRITTANY RAWLINGS, et al. <br><br>            Defendants. | 19-CV-4442 (PGG) (BCM)<br><br>**ORDER SCHEDULING PRETRIAL AND DISCOVERY SCHEDULING CONFERENCE** |

**BARBARA MOSES, United States Magistrate Judge.**

It is hereby **ORDERED** that a pretrial and discovery scheduling conference in accordance with Fed. R. Civ. P. 16 will be held on **May 19, 2021, at 12:00 p.m.**, **via teleconference**. At that time parties should dial **(888) 557-8511** and enter the access code: **7746387**. At the conference, the parties must be prepared to discuss the subjects set forth in Fed. R. Civ. P. 16(b) and (c).

It is further **ORDERED** that counsel shall meet and confer remotely (*e.g.*, by telephone or videoconference) in accordance with Fed. R. Civ. P. 26(f) no later than 21 days prior to the conference. No later than one week (seven calendar days) prior to the conference, the parties shall file a Pre-Conference Statement, via ECF, signed by counsel for all parties. The Statement, which will constitute the written report required by Fed. R. Civ. P. 26(f)(2), shall contain the following information:

1. The date of the conference and appearances for the parties, including the names of the individual attorneys who will attend, their law firms, addresses, and telephone numbers, and the party or parties represented. The Court expects each party's principal trial attorney to attend the conference.

2. A concise statement of the nature of the case and the issues as they appear on the date of the Statement.

3. A proposed discovery schedule including:

   a. A date for exchanging the automatic disclosures required by Fed. R. Civ. P. 26(a)(1)(A), or the date on which such disclosures were accomplished;

   b. Dates for the *service* of initial document production requests and interrogatories (limited in accordance with Local Civil Rule 33.3);

   c. A date by which all fact depositions will be completed, including the names (if known) or descriptions of persons expected to be deposed;

   d. A date for the close of all fact discovery;

   e. Dates by which each party's expert report(s) or other expert disclosure, and any responding reports, will be supplied to the adversary;

   f. A date for the close of all discovery, including expert depositions.

4. Any proposed limitations to be placed on discovery, including protective or confidentiality orders. The parties may (but are not required to) use the Model Protective Order found on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

5. Any anticipated discovery issues that may warrant early attention from the Court (including ESI protocols, litigation holds, and other issues relating to the preservation, retrieval and/or production of electronically stored information).

6. A date, approximately 30 days prior to the close of fact discovery, for a status conference with the Court.

7. When the case should be (a) referred to mediation or (b) scheduled for a settlement conference with the Court.

8. A date for the filing of pre-motion conference requests regarding summary judgment.

9. The anticipated length of trial and whether a jury has been requested.

10. Whether the parties wish to consent to trial before the designated magistrate judge.

To the extent the parties are in disagreement concerning any portion of the Pre-Conference Statement, they may submit separate proposals as to such portion, *without argument*.

> **PLEASE BE AWARE THAT, FOR THE DURATION OF THE COVID-19 NATIONAL EMERGENCY, UNLESS OTHERWISE ORDERED BY THE COURT:**
>
> **Conferences and Hearings**. All court conferences and hearings will be conducted by teleconference. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing when you call in, please be silent (mute your line) until your case is called.
>
> **Remote Depositions**. Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

Dated: New York, New York
April 19, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**