

June 3, 2021

**Via ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Honorable Barbara Moses
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Theresa Salameno, Individually and on Behalf of the Estate of Lawrence Salameno, v. Brittany Rawlings, SmartBoss, Inc. and FashionBoss, LLC*
             **Docket No. 19-cv-4442 (PGG) (BCM)**

Dear Judge Gardephe and Judge Moses:

      We represent plaintiff Theresa Salameno, Individually and on behalf of the Estate of Lawrence Salameno ("Plaintiff"), in the above-referenced action (the "Action"). We respectfully submit this letter in response to the June 2, 2021 letter on behalf of defendants Brittany Rawlings, SmartBoss, Inc., and FashionBoss, LLC ("Defendants"), requesting permission to refile a motion for Rule 11 sanctions (Docket No. 94). Defendants' renewed request is a frivolous waste of judicial and party resources and should be denied.

      This Court denied Defendants' Rule 11 motion in its Decision and Order on March 22, 2021. (Docket No. 87.) Defendants had moved for Rule 11 sanctions during the pendency of the motion to dismiss in this case. (Docket No. 54.) Defendants' Rule 11 motion was, itself, frivolous. Defendant asserted that Plaintiffs "frivolously omitted" allegations in the Complaint in order to obtain diversity jurisdiction, that Plaintiffs lacked standing, and that Plaintiffs had no factual basis for allegations in the Complaint. (*Id*.) Defendants are wrong. Regarding jurisdiction and standing, Defendants' arguments were rejected by this Court already. Regarding the factual basis for the Complaint, Plaintiffs have ample basis for the allegations in the Complaint, and would have demonstrated at trial, among other things, that Defendants obtained more than $500,000 of Plaintiffs' funds upon promises and representations and then disappeared.

Defendants' assertions in their letter requesting permission to refile their Rule 11 motion are wrong again. Defendants assert that Plaintiffs' voluntary dismissal of the action was an acknowledgement regarding the merits of the action. That is false. Indeed, the merits of

      Plaintiffs' case have only gotten stronger during the pendency of this action, as jurisdictional discovery and motion practice have shown that Defendants lack documents



supportive of numerous of their assertions, and the documents Defendants have produced bear none of the weight Defendants place on them.

Defendants also assert that "Plaintiffs' implication that Ms. Rawlings would not be able to pay a judgment is patently false," and refer to Judge Moses' note during a pre-discovery conference that Ms. Rawlings has three sets of lawyers. Defendants' conclusory assertion is contrary to assertions made repeatedly by the defense to Plaintiffs, including recent assertions that a judgment in this case "would be worth less than the piece of paper it is written on," and that Ms. Rawlings' litigation costs are being paid by her mother but that Ms. Rawlings would not obtain those funds to pay a judgment and has no assets of her own.

Defendants also incorrectly assert that "substantially all of the claims in this action were dismissed." To the contrary, nearly all of Defendants' arguments for dismissal of the case were rejected by the Court. In particular, Defendants' myriad challenges to jurisdiction were all rejected. Defendants' motion to dismiss the breach of contract claim was denied. Defendants' argument for denying Plaintiffs' leave to amend the fraud claim, which leave the Court granted, was also rejected. Plaintiffs' subsequent decision not to take such leave was predicated on a determination that the most efficient way to move the case forward was to stand on the existing claim. While Defendants' motion to dismiss the accounting claim was granted, that decision was issued, in part, because the tools of discovery on the breach of contract claim would suffice.

Accordingly, Defendants' request to refile should be rejected. Defendants' Rule 11 motion was itself frivolous, its refiling after dismissal would be even more frivolous, and every moment spent on it by Plaintiffs or this Court is a needless burden and cost.

We thank the Court for its consideration.

    Respectfully submitted,

    YANKWITT LLP

By: _____
    Benjamin Allee
    Counsel for Plaintiffs

Cc:    Jonathan Davidoff, Esq. (by ECF)