# EXHIBIT W

February 16, 2018

**VIA 2ND DAY FEDEX DELIVERY**
Tracking Emailed To: [bill.tsingos@toptal.com]

Toptal, LLC
c/o Bill Tsingos,
General Counsel
548 Market St., #36879
San Francisco, CA 94104-5401

RE:  **DEMAND LETTER FOR NOTICE, SETTLEMENT AND PRE-SUIT LITIGATION PURPOSES RELATED TO:**

***SmartBoss Inc. v. Toptal LLC***

Dear Mr. Tsingos:

This letter is written on behalf of SmartBoss Inc. and its owners (hereinafter referred to as "SmartBoss", "Owners" or "Client") to provide Toptal LLC, its personnel and its software developer talent (hereinafter referred to as "Toptal") with formal notice of SmartBoss's allegations and Toptal's legal obligations. The matters set forth herein are intended for settlement purposes only and are strictly confidential in all respects; they may not be used by Toptal for any other purpose in any court proceeding.

SmartBoss has been severely injured as a result of Toptal's conduct.[1] This letter will address Toptal's actions towards their clients, including SmartBoss.[2]

This Pre-Trial[3] Settlement Demand Package sets forth sufficient particularity of the facts and evidence of the causes of actions against Toptal, and consists of the following sections: (I) Opening Statement, with the "Letter That Toptal Never Wrote"; (II) Table of Contents; (III) Background; (IV) Statement of Facts; (V) SmartBoss's Code Audit and Assessment; (VI) Summary of Causes of Action; (VII) Memorandum of Law for Declaratory Relief To Void Contract and Affirm Fiduciary Status; (VIII) Memorandum of Law for Joint, Several and Vicarious Liability For the Combine Effects From Toptal's Own Acts and The Acts Of All Its Talent-Employees; (IX) Damages; and (X) Supporting Exhibits.

SmartBoss is in possession of a detailed assessment following a code audit. This audit and the report were paid by SmartBoss's owners through selling off personal assets and taking out loans. It was conducted in

---

[1] Toptal and SmartBoss's capitalize on the same target audience and market growth - Toptal sells technology services to primarily startups and small businesses; correspondingly, Smartboss sells the business services to primarily startups and small businesses. Given Toptal's undisclosed acquisition to Skilbridge, Toptal is now an indirect competitor of SmartBoss. As such, Toptal most certainly cannot deny the market size, growth trajectory and opportunity available for SmartBoss, as it parallels Toptal's.

[2] Mr. Breanden Beneschott and Toptal's management have systematically denied in bad faith all avenues of recourse and claims of SmartBoss and upon information and belief, every other complainant SmartBoss is aware of. Notwithstanding the unequivocal stamping of the phrase, "pay only if satisfied" and "quality guaranteed", on Toptal's ads and its inbound marketing page, Mr. Benschott has admitted that Toptal will deny a legit claim and bully their paying clients to avoid having to refund fees even if a developer "really botched" an engagement. This happened to SmartBoss during the engagement when SmartBoss was vulnerable, and apparently has happened to other Toptal clients, but in no form will Toptal's bullying, bad faith denial, and fraudulent scheme be tolerated during this negotiation or otherwise.

[3] If a proper settlement cannot be reached, SmartBoss intends to seek declaratory relief from the Delaware court to find Toptal's contract void, that Toptal owes SmartBoss a fiduciary duty, and to declare Toptal as an employer for imputing all liability, as well as all forms of relief for the substantive causes of actions as set forth in the Memorandum of Law. SmartBoss may file a class action lawsuit.

SmartBoss is in possession of a detailed assessment following a code audit. This audit and the report were paid by SmartBoss's owners through selling off personal assets and taking out loans. It was conducted in August of 2017 in order for SmartBoss to release its version 1 software from fall 2016. The public release has never occured and all development has ceased. The site only exists for evidentiary reasons at this time. The audit addresses the status of the software at the point Toptal's developers quit the project and when Toptal's management neglected SmartBoss's requests for help. This independent audit report addresses SmartBoss's (i) two environments' security breaches and risks; (ii) the environmental, architectural and performance damage and issues; (iii) the fact that Toptal failed to deliver a fully functioning V1 software after 14 months and $241,802.79; (iv) that what was delivered, or what currently exists of the software cannot be repaired-- it would take less time to rebuild; (v) that what was delivered, or what currently exists of the software is a dinosaur; (vi) that Toptal's "world's top 3% of software engineers" did not understand and did not utilize the proper technical solution SmartBoss's business objectives required in the first place; (vii) that Toptal's developers fraudulently billed for services not performed and were poorly performed, and (viii) that Toptal's developers wasted SmartBoss's time and costs by not utilizing testing and other industry practices that completely frustrated SmartBoss's time-to-market. Given the sensitive and proprietary data therein, and the newly-discovered evidence that Toptal has acquired Skillbridge, upon advice of legal counsel, the full report may be disclosed under a separate cover with strict confidential terms agreed upon by the parties. [4] However, proof of SmartBoss's two breached servers have been provided in the exhibits in the interim.

As such, this demand letter may, from time to time, generally address certain findings of the audit report and the legal reasonings on why Topal may be found liable for the negligence and wrongful acts of their agents. Specifics and supporting exhibits that have been redacted and/or withheld may be provided with the Audit's Assessment in a supplement after the confidential terms are agreed to, or as requested.

Moreover, this Demand Package evidences SmartBoss's legitimate and valid right under the Uniform Commercial Code to withhold payment of the $9,695.70, and grounds for Toptal to immediately retract the debt from collections and repair the mark on SmartBoss's credit for the duration of this negotiation. [5]

As indicated above, this Demand Package (and its supplements) are strictly for pre-trial settlement and shall serve as support for SmartBoss's formal demand for Toptal to: (1) provide the insurance carrier information and policy limits; (2) return to SmartBoss $241,802.79; (3) cancel the outstanding debt in the amount of $9,695.70; and (4) propose a proper settlement for damages. While SmartBoss would like to resolve this matter amicably, if the foregoing demands are not complied with or if Toptal fails to provide a substantive response to this letter by 5pm PST on March 16, 2018, we will take appropriate action against Toptal and its agents to pursue all available remedies to the fullest extent under State and Federal laws.

Please contact the undersigned to discuss the matter or advise of your intentions. We are willing to work with you to resolve this matter and/or negotiate a settlement. If not, then we will proceed accordingly.

*SmartBoss specifically reserves all rights with respect to the matters set forth herein if a resolution is not reached. This letter and contents herein shall not serve as a waiver of any claims that SmartBoss has or may have against Toptal, its agents, officers, subsidiaries, personnel, developers, assigns or business affiliates. At the conclusion of pre-litigation settlement discussion, any and all materials provided to Toptal shall be returned to SmartBoss and no copies shall be retained by Toptal. This is also formal notice of your legal obligation to maintain and preserve any and all information in all mediums and forms that may be relevant and discoverable in a court of law, which includes but is not limited to any modifications*

---

[4] A copy of the Proposed Confidentiality Agreement is enclosed with this letter.

[5] To effectuate immediate debt collection relief, see Exhibit 34 among others

to Toptal's websites, advertising and its online writings. This is also notice that Toptal is prohibited from contacting any third parties, including but not limited to any of its employees, developers or officers in attempt to remove, retract or otherwise modify any online writings, or engage in any other acts that could be viewed as spoliation of evidence.

Thank you for your immediate attention to this matter.

Regards,

Brittany H. Rawlings
CEO and Founder, SmartBoss