UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THERESA SALAMENO, Individually and on Behalf of the Estate of Lawrence Salameno,

                Plaintiffs,

- against -

BRITTANY RAWLINGS, SMARTBOSS, INC., and FASHIONBOSS, LLC,
                Defendants.

**ORDER**

19 Civ. 4442 (PGG) (BCM)

---

PAUL G. GARDEPHE, U.S.D.J.:

      Defendants Brittany Rawlings, SmartBoss, Inc., and FashionBoss, LLC have moved for sanctions against Plaintiff Theresa Salameno, the estate of Lawrence Salameno, and their counsel, Benjamin Allee of Yankwitt LLP, pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. (Def. Br. (Dkt. No. 99) at 2) Plaintiffs have likewise moved for Rule 11 sanctions, arguing that Defendants' sanctions motion is frivolous. (Pltf. Opp. (Dkt. No. 103) at 24)

      For the reasons stated below, Defendants' motion for sanctions and Plaintiffs' motion for sanctions will be denied.

## BACKGROUND[1]

      On May 15, 2019, Plaintiffs Lawrence and Theresa Salameno filed a complaint against Defendants Brittany Rawlings, SmartBoss, Inc., and FashionBoss, LLC alleging breach of contract and fraud, and seeking an accounting. (Cmplt. (Dkt. No. 1) ¶ 55-75)

      On October 2, 2019, Defendants moved to dismiss (Def. Mot. (Dkt. No. 44)), and on November 5, 2019, Defendants moved for Rule 11 sanctions. (Def. Mot. (Dkt. No. 53)) This

---

[1] The Court assumes familiarity with the factual statement set forth in the March 22, 2021 order granting in part and denying in part Defendants' motion to dismiss. (Dkt. No. 87)

Court referred Defendants' motions to Magistrate Judge Barbara C. Moses for a Report & Recommendation ("R&R").[2]  (Dkt. Nos. 52, 59)

On September 17, 2020, Judge Moses issued an R&R recommending that this Court dismiss Plaintiffs' fraud claim and claim for an accounting, dismiss in part Plaintiffs' breach of contract claim, and administratively close Defendants' Rule 11 sanctions motion. (R&R (Dkt. No. 76) at 46 & n.24)  In a March 22, 2021 Order, this Court adopted the R&R in part, granting Defendants' motion to dismiss Plaintiffs' fraud and accounting claims; granting in part Defendants' motion to dismiss Plaintiffs' breach of contract claim; and denying without prejudice Defendants' motion for Rule 11 sanctions.  (Order (Dkt. No. 87) at 31, 35, 37, 40)

On June 1, 2021, Plaintiffs voluntarily dismissed their remaining breach of contract claim, citing "concern[] about Defendants' inability to satisfy a judgment."  (Dkt. Nos. 93, 95)

On June 10, 2021, Defendants moved for an award of sanctions against (1) Plaintiffs, pursuant to Fed. R. Civ. P. 11; and (2) Plaintiff's counsel, pursuant to 28 U.S.C. § 1927 and this Court's "inherent powers."  (Def. Mot. (Dkt. No. 98) at 1)  Defendants seek an attorneys' fee award reflecting the costs they incurred in defending this action, and in "expunging the internet references to this litigation[] . . . ."  (Id. at 1-2)

On June 24, 2021, Plaintiffs asked the Court to impose Rule 11 sanctions on Defendants, arguing that Defendants' sanctions motion is frivolous.  (Pltf. Opp. (Dkt. No. 103) at 24)

---

[2] Lawrence Salameno died after Defendants' motions were fully briefed, and his estate was substituted as a plaintiff.  (June 11, 2020 Order (Dkt. No. 72))  For ease of reference, this Order will refer to Mr. Salameno as a plaintiff and to the couple as "Plaintiffs."

2

**DISCUSSION**

**I.     LEGAL STANDARD**

"Rule 11 permits a court to impose sanctions upon attorneys, law firms, or parties for making or causing to be made certain improper representations to the court." Salovaara v. Eckert, 222 F.3d 19, 32 (2d Cir. 2000). "[I]n assessing a claim for Rule 11 sanctions, courts apply a standard of '"objective unreasonableness."'" Pentagen Techs. Int'l Ltd. v. United States, 172 F. Supp. 2d 464, 471 (S.D.N.Y. 2001) (quoting Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 96 (2d Cir. 1997); United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345-46 (2d Cir. 1991)), aff'd, 63 F. App'x. 548 (2d Cir. 2003). "Sanctions should be imposed only '"where it is patently clear that a claim has absolutely no chance of success."'" Abdelhamid v. Altria Grp., Inc., 515 F. Supp. 2d 384, 392 (S.D.N.Y. 2007) (quoting Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994); Healey v. Chelsea Res., Ltd., 947 F.2d 611, 626 (2d Cir. 1991)).

"The district court has broad discretion in determining whether to grant Rule 11 sanctions." Pentagen Techs., 172 F. Supp. 2d at 470. In the Second Circuit,

> "[a] pleading, motion or other paper violates Rule 11 either when it 'has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification[,] or reversal of existing law.'"

Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002) (emphasis omitted) (quoting W.K. Webster & Co. v. Am. President Lines, Ltd., 32 F.3d 665, 670 (2d Cir. 1994); Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985)).

"[A]t the very least, [counsel] must . . . have a basis for a good faith belief that the papers on their face appear to be warranted by the facts asserted and the legal arguments made, and are not interposed for any improper purpose." Long v. Quantex Res., Inc., 108 F.R.D.

3

416, 417 (S.D.N.Y. 1985), aff'd, 888 F.2d 1376 (2d Cir. 1989).  A court may also impose sanctions on a represented party where "the party had actual knowledge that filing the paper constituted wrongful conduct, e.g., the paper made false statements or was filed for an improper purpose."  Calloway v. Marvel Ent. Grp., 854 F.2d 1452, 1474 (2d Cir. 1988), rev'd on other grounds sub nom. Pavelic & LeFlore v. Marvel Ent. Grp., 493 U.S. 120 (1989).

"Rule 11 and principles of due process require that 'the subject of a sanctions motion be informed of:  (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense.'"  Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012) (quoting Schlaifer Nance & Co., Inv. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999)).  Under Rule 11's "safe harbor provision," the subject of the sanctions motion must be served with the motion at least twenty-one days in advance of the filing of the motion, see Fed. R. Civ. P. 11(c)(2); Star Mark Mgmt., 682 F.3d at 175-76, such that the subject of the motion can consider whether to withdraw the offending filing before the sanctions motion is filed, see Star Mark Mgmt., 682 F.3d at 177 ("The purpose of the provision is . . . to give the opponent notice and an opportunity to consider withdrawing the filing without the court's involvement.").

"Another basis for sanctions lies in 28 U.S.C. § 1927[.]"  Int'l Bhd. of Teamsters, 948 F.2d at 1344.  However, sanctions under this section "may be imposed only against the offending attorney; clients may not be saddled with such awards."  Id. at 1345 (citing Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986)).

Under Section 1927,

> [a]ny attorney or other person admitted to conduct cases in any court of the
> United States or any Territory thereof who so multiplies the proceedings in any

case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

"By its terms, [this provision] looks to unreasonable and vexatious multiplications of proceedings[,] and it imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics." Int'l Bhd. of Teamsters, 948 F.2d at 1345. "To impose sanctions under [Section 1927], a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith[ – ]that is, 'motivated by improper purposes such as harassment or delay.'" Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000) (quoting Schlaifer Nance & Co., 194 F.3d at 336). "The Second Circuit has 'held that "an award under [Section] 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."'" Mir v. Bogan, No. 13 CIV. 9172 PGG, 2015 WL 1408891, at *22 (S.D.N.Y. Mar. 27, 2015) (quoting Int'l Bhd. of Teamsters, 948 F.2d at 1345; Oliveri, 803 F.2d at 1273), aff'd, 668 F. App'x 368 (2d Cir. 2016).

District courts also have "the inherent power to impose sanctions . . . ." See Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991). "There are ample grounds for recognizing[] . . . that in narrowly defined circumstances[,] federal courts have inherent power to assess attorney's fees against counsel[,]" Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980), such as "when a party has '"acted in bad faith, vexatiously, wantonly, or for oppressive reasons."'" Chambers, 501 U.S. at 45-46 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975); F.D. Rich Co., Inc. v. United States ex rel. Indus. Lumber Co., Inc., 417 U.S. 116, 129 (1974)); see also Eisemann, 204 F.3d at 395 (quoting F.D. Rich Co., 417 U.S. at 129 ("Under its inherent powers to supervise and control its own proceedings, a

5

district court has the authority to award attorney's fees to the prevailing party when the losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'").

When a court invokes its inherent power, it "must, of course, exercise caution[,] . . . and "it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees[] . . . ." Chambers, 501 U.S. at 50. "Because of their very potency, inherent powers must be exercised with restraint and discretion." Id. at 44.

> Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the [Federal] Rules [of Civil Procedure], the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither [Section 1927] nor the Rules are up to the task, the court may safely rely on its inherent power.

Id. at 50.

## II.   ANALYSIS

### A.   Defendants' Motion for Sanctions

In support of their sanctions motion, Defendants argue that Plaintiffs' breach of contract claim is "without merit" or "factual support." (Def. Br. (Dkt. No. 99) at 16-17) However, where – as here – a claim has survived a motion to dismiss, there is generally no basis for an award of sanctions. See Yong Biao Ji v. Aily Foot Relax Station, Inc., 19 CV 11881 (VB), 2021 WL 431146, at *2 (S.D.N.Y. Feb. 8, 2021) ("[S]anctions on plaintiff or plaintiff's counsel are not warranted:  Defendants' argument that this case is 'frivolous' and made with 'ulterior motive' is raised after the Court has already determined plaintiff plausibly alleged claims . . . ."); Talon Pro. Servs., LLC v. CenterLight Health Sys., Inc., 20 Civ. 78 (PAE), 2021 WL 1199430, at *12 (S.D.N.Y. Mar. 30, 2021) ("[Defendant's motion for sanctions] is meritless, as such sanctions are warranted only 'where it is patently clear that a claim has absolutely no chance of success.' . . . And although the Court has dismissed several of [plaintiff's] claims

6

against [defendant], it has sustained the central breach-of-contract claim[] . . . .") (citation omitted).

Here – in denying in part Defendants' motion to dismiss – this Court concluded that "Plaintiffs adequately allege[d] that Defendants breached the SmartBoss Contract," and that "Plaintiffs' allegations of breach are supported by citations to contractual provisions that create these obligations." (Order (Dkt. No. 87) at 30 (citing R&R (Dkt. No. 76) at 38-39)) Accordingly, Defendants' argument that Plaintiffs' claims have no merit is not persuasive.

Defendants further contend that "there was no objective reasonable basis . . . to believe that the Plaintiffs' allegations concerning the Defendants['] fraud were grounded in fact[] . . . ." (Def. Br. (Dkt. No. 99) at 15) "With regard to factual contentions, 'sanctions may not be imposed unless a particular allegation is utterly lacking in support.'" Storey v. Cello Holdings, LLC, 347 F.3d 370, 388 (2d Cir. 2003) (quoting O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996)). Here, Plaintiffs "'adequately specified the allegedly fraudulent statements, identified the speaker (Rawlings), and (in most instances) stated where and when the statements were made[] . . . .'" (Order (Dkt. No. 87) at 32-33 (quoting R&R (Dkt. No. 76) at 41)) Accordingly, while this Court concluded that "Plaintiffs' factual support for th[e] [fraud] allegation . . . does not amount to a claim that Rawlings knew the aforementioned representations were false at the time she made them[,]" (id. at 33 (citing R&R (Dkt. No. 76) at 42)), Plaintiffs nonetheless "have demonstrated at least some basis in fact[]" for their claim. Mir, 2015 WL 1408891, at *22. Defendants' motion falls short given the Second Circuit's "repeated[] emphasi[s] that Rule 11 sanctions are appropriate in only the most egregious cases." Seoul Viosys Co., Ltd. v. P3 Int'l Corp., 16-cv-6276 (AJN), 2020 WL 6822983, at *1 (S.D.N.Y. Nov.

19, 2020) (citing Rodick v. City of Schenectady, 1 F.3d 1341, 1350 (2d Cir. 1993); Stern v. Leucadia Nat'l Corp., 844 F.2d 997, 1005 (2d Cir. 1988)).

Although Defendants complain that "Plaintiffs' claim that Ms. Rawlings used corporate funds for her own personal benefit is absolutely disputed by the documentary evidence[]" (Def. Br. (Dkt. No. 99) at 14), this assertion – even if correct – does not support an award of sanctions here. "'[A] plaintiff is not required to know at the time of pleading all facts necessary to establish the claim,' . . . and thus may make allegations based on information and belief[]" without those allegations becoming sanctionable under Rule 11. Beecher v. Riverdale Riding Corp., No. 08 CIV. 6062 NRB, 2011 WL 3427196, at *5 (S.D.N.Y. Aug. 3, 2011) (quoting Com. Cleaning Servs., LLC v. Colin Serv. Sys., Inc., 271 F.3d 374, 386 (2d Cir. 2001)); see also Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading, . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[] . . . ."). As Plaintiffs note, "[b]ecause Rawlings had disappeared and refused to provide Plaintiffs [with] requested information, . . . these allegations were made on information and belief, and they were properly pleaded because they were likely to have evidentiary support after a reasonable opportunity for further investigation . . . ." (Pltf. Opp. (Dkt. No. 103) at 23; see Order (Dkt. No. 87) at 6 ("After the August 2017 meeting, Rawlings did not communicate again with [Plaintiffs] for approximately a year and a half. . . . [Plaintiffs] contacted Rawlings during this period, and asked that she provide information concerning the status of SmartBoss and the money they had provided to her.

Rawlings did not respond.")) Accordingly, Plaintiffs' allegations were properly pled based on information and belief, and do not support a sanctions award.

Defendants also argue that Plaintiffs and their counsel "substituted speculation and bald assumptions for reasonable investigative effort[] . . . ." (Def. Reply (Dkt. No. 108) at 8) According to Defendants, Plaintiffs' counsel "refused to view 7 years' worth of documents at the law office of Defendants' counsel[,]" and also "refused to offer a comprehensive confidentiality agreement in exchange for the undertaking that would be required to electronically produce 7 years of documents in a matter of days." (Id.) The record demonstrates, however, that Plaintiffs "requested that [Defendants] provide the documents" that Defendants claimed "conclusively refute" Plaintiffs' allegations, but "[Defendants] declined, citing confidentiality concerns." (See Allee Decl., Ex. E (Dkt. No. 104-5) at 4) Plaintiffs' counsel then provided Defendants with a proposed confidentiality agreement, and later solicited "proposed revisions" from defense counsel after counsel complained that the proposed confidentiality agreement was "barebones." (Id. at 3-4) Plaintiffs also offered "to continue to delay filing the complaint, . . . in order [for] [Defendants] [to] have time to provide [Plaintiffs] [with] the documents [that] [Defendants] claim are relevant, [so] that [Plaintiffs] may review them." (Id. at 4)

While "Rule 11 requires that an attorney make a prefiling inquiry to establish reasonable ground to believe that further investigation and discovery will prove his case," Abner Realty, Inc. v. Adm'r of Gen. Servs. Admin., No. 97 CIV. 3075 (RWS), 1998 WL 410958, at *4 (S.D.N.Y. July 22, 1998) (citations omitted), the record demonstrates that Plaintiffs' counsel made the necessary inquiry here.

Defendants also point to evidence that Rawlings "offered to drive all documents to [Plaintiffs'] home[,]" and assert that "Plaintiffs never responded to [this] offer." (Def. Reply

9

(Dkt. No. 108) at 9) However, Rawlings made this offer on May 11, 2019 (see July 2, 2021 Def. Ltr., Ex. D (Dkt. No. 105-4) at 1), two days after the deadline Plaintiffs had set for delivery of the alleged documents (see Allee Decl., Ex. E (Dkt. No. 104-5) at 4) ("[Plaintiffs] are willing to continue to delay filing the complaint, for a brief period, in order [for] [Defendants] [to] have time to provide [Plaintiffs] [with] the documents [that] [Defendants] claim are relevant, [so] that [Plaintiffs] may review them. [Plaintiffs] request that [Defendants] provide the documents promptly, and [Plaintiffs] must receive them by no later than May 9.").

Defendants argue that "sanctions should also be imposed against the Plaintiffs' counsel pursuant to [Section] 1927 for engaging in vexatious litigation, and unreasonably multiplying the cost of the proceedings through the assertion of claims not supported by the application of existing fact and law." (Def. Br. (Dkt. No. 103) at 11-12) However, as discussed above, Plaintiffs' breach of contract claim survived a motion to dismiss, and Defendants have not demonstrated that Plaintiffs' counsel engaged in "vexatious" or "unreasonabl[e]" litigation.

Finally, for the reasons discussed above, this Court will not exercise its "inherent power" to impose sanctions.

In sum, Defendants' motion for sanctions is meritless. Plaintiffs' claims against Defendants were not "'"objective[ly] unreasonable[]."'" See Pentagen Techs., 172 F. Supp. 2d at 471 (quoting Ted Lapidus, 112 F.3d at 96; Int'l Bhd. of Teamsters, 948 F.2d at 1345-46). Nor is it "'"patently clear that [their breach of contract] claim [had] absolutely no chance of success."'" See Abdelhamid, 515 F. Supp. 2d at 392 (quoting Caisse Nationale, 28 F.3d at 264; Healey, 947 F.2d at 626). Indeed, Plaintiffs' breach of contract claim survived a motion to dismiss. Defendants have likewise not shown that Plaintiffs or Plaintiffs' counsel "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" See Chambers, 501 U.S. at 46 (quoting

Alyeska Pipeline, 421 U.S. at 258-59; F.D. Rich Co., 417 U.S. at 129); see also Eisemann, 204 F.3d at 395 (quoting F.D. Rich Co., 417 U.S. at 129). Accordingly, Defendants' motion for sanctions will be denied.

B. **Plaintiffs' Motion for Sanctions**

In their opposition brief, Plaintiffs request an award of sanctions, arguing that "Defendants' Rule 11 motion is itself frivolous, and pursuant to Rule 11(c), the Court should award Plaintiffs their reasonable expenses[] . . . incurred in responding to the motion." (Pltf. Opp. (Dkt. No. 103) at 27) A motion for Rule 11 sanctions "'must be made separately from any other motion[, however,]'" Star Mark Mgmt., Inc., 682 F.3d at 175 (quoting Fed. R. Civ. P. 11(c)(2)), and an award of sanctions cannot be premised on a request made in an opposition brief. See Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 142 (2d Cir. 2002) (finding Rule 11 motion procedurally improper where it was "included in [the moving party's] memorandum addressing the underlying issues"). Moreover, Plaintiffs have not complied with Rule 11's "safe harbor provision," which requires that "'"a [sanctions] motion . . . must not be presented to the court until the alleged violator is afforded twenty-one days to withdraw or correct the offending document."'" Ruixuan Cui v. East Palace One, Inc., 17 Civ. 6713 (PGG), 2019 WL 4573226, at *12 (S.D.N.Y. Sept. 20, 2019) (alterations in original) (quoting Nardoni v. City of New York, No. 17 Civ. 2695 (GHW) (GWG), 2019 WL 542349, at *4 (S.D.N.Y. Feb. 12, 2019), report and recommendation adopted, No. 1:17-CV-2695-GHW, 2019 WL 952333 (S.D.N.Y. Feb. 27, 2019); Lawrence v. Richman Grp. of CT LLC, 620 F.3d 153, 156 (2d Cir. 2010) (per curiam)). Accordingly, Plaintiffs' request for sanctions is procedurally improper and will be denied.

11

## **CONCLUSION**

For the reasons stated above, Defendants' motion for sanctions (Dkt. No. 98) will be denied, and Plaintiffs' request for sanctions (Dkt. No. 103) will likewise be denied. The Clerk of Court will terminate the motions and close this case.

Dated:  New York, New York
        November 16, 2022

SO ORDERED.

*Paul Gardephe*
Paul G. Gardephe
United States District Judge